IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

VEOLIA ES SPECIAL SERVICES, INC.,
(f/k/a Onyx Special Services, Inc.,)

             Plaintiff,

v.                            CIVIL ACTION NO. 3:07-0153

TECHSOL CHEMICAL COMPANY, et al.,

             Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before this Court is a motion by defendant and cross-defendant Rescar, Inc. to dismiss the cross-claim of Marathon Petroleum Company. (Doc. 128). For the reasons explained below, the motion is **GRANTED in part** and **DENIED in part**. Marathon has failed to state a claim for relief under CERCLA and the counts of its cross-complaint seeking recovery from Rescar, Inc. based upon the statute are dismissed. The counts of Marathon's cross-complaint seeking recovery from Rescar based upon common law survive this motion to dismiss.

**Background**

As recited in other recent Orders issued by the Court in this case, the relevant claims arise out of the spill of coal tar light oil (CTLO) in Westmoreland, West Virginia. Plaintiff, Veolia Es Special Services, initiated the action to receive compensation for its cleanup efforts. Marathon Petroleum Company ("Marathon") filed cross-claims against its co-defendants seeking recovery of costs that it already paid toward cleanup and additional costs it may be ordered to pay as a result of Plaintiff's claims. Marathon seeks to hold Rescar, Inc. ("Rescar") liable based on Rescar's role in inspecting the railcar from which CTLO eventually leaked. According to Marathon's cross-

complaint, "Rescar was required to conduct regular inspections of the railcar to ensure that it was operating properly for its intended purpose."

Rescar's motion seeks dismissal of Marathon's cross-claim against it on three distinct theories. First, Rescar argues that Marathon has impermissibly split its claims by filing in both state and federal court. Second, Rescar asserts that Marathon has not stated a claim under the Comprehensive Environmental Response Compensation and Liability Act (CERCLA) because response costs involved in cleanup were not necessary and losses suffered were economic losses not recoverable under the statute. Third, Rescar argues that Marathon's cross-claim fails because Rescar cannot be considered a "covered person" under the statute.

## Legal Standard

In deciding Rescar's motion to dismiss, this Court will consider factual allegations in the light most favorable to Plaintiff (or claimant). *See Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991). Under Federal Rule of Civil Procedure 8(a) a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 127 S.Ct. 1955, 1965 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (internal quotations and ellipses omitted). A well-pled complaint may proceed even if it appears to the trial judge that proof of the alleged facts "is improbable, and that a recovery is very remote and unlikely." *Id*. (internal citation omitted). Factual allegations in a complaint, however, must be enough "to raise a right to relief above the speculative level." *Id.* In *Twombly*, the U.S. Supreme Court pointed out that the "no set of facts" language from *Conley v. Gibson* had been frequently misconstrued so that motions to dismiss would fail unless the complaint demonstrated upon its face that the claim would

be impossible to prove factually. *Id.* at 1968 (citing *Conley* 355 U.S. 41, 45-46 (1957)). Rather than stating the minimum standard of pleading necessary to govern the complaint's survival, the *Conley* "no set of facts" language simply "described the breadth of opportunity to prove what an adequate complaint claims." *Id.* at 1969. The *Twombly* Court was careful to explain that it was not creating a heightened standard for the pleading of specific facts, rather it clarified that a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

### Analysis

Portions of the Court's previous findings are applicable to the instant motion to dismiss. First, for the reasons explained in the Court's November 30th Order, Marathon's claim will not fail based on arguments that response costs were not caused by the spill or were not necessary response costs within the meaning of CERCLA. (*See* Doc. 157). Second, for the reasons explained in the Court's March 6th Order, Marathon has not impermissibly split its claims against co-defendants. (*See* Doc. 209). Although the legal standard for determining whether parties are "covered persons" remains the same for both Sloss and Rescar, the application is individualized and explained below.

As described in the earlier Order, the term "person" is defined within CERCLA to include corporations and other business organizations. 42 U.S.C. § 9601(21). Such an entity is a "covered person" if they fall within one of four categories defined in 42 U.S.C. § 9607. The first includes only the "current 'owner' or 'operator' of the facility." *Nurad, Inc. v. William E. Hooper & Sons Co,* 966 F.2d 837, 841 (4th Cir. 1992) (quoting 42 U.S.C. § 9607(a)(1)). The second includes, "any person who 'owned' or 'operated' the facility at the time of 'disposal' of a hazardous substance." *Id.* (quoting 42 U.S.C. § 9607(a)(2)). The third category consists of "person who 'arranged for disposal or treatment' of hazardous substances at the facility." *Id.* (quoting 42 U.S.C. § 9607(a)(3)).

Finally, a person is in the fourth category if they "accepted hazardous substances 'for transport to disposal or treatment facilities, incineration vessels or sites.'" *Id.* (quoting 42 U.S.C. § 9607(a)(4)).

Marathon alleges that Rescar fits within the first category of "current owner or operator." When describing the facts relevant to the cross-claim, however, Marathon undermines its own legal claim. Marathon refers to GATX Financial Corporation ("GATX) as the owner of the railcar (with Marathon as lessee) and Rescar's role as that of railcar inspector. Marathon provides documentary evidence, attached to the cross-complaint, showing that GATX did own the railcar and Rescar only had a duty to inspect and maintain the railcar. (*See* Restatement of Car Service Contract 1877, Doc. 195 Ex. A; Standard Service Contract, Doc. 195 Ex. C). Without any factual allegations to support the legal assertion that Rescar is a current owner or operator, the Court cannot find that Marathon will plausibly be able to show that Rescar falls within this first category of "covered person."

Marathon next incorporates the arguments it made against Sloss to make the case that Rescar is an owner or operator at the time of disposal within the meaning of 42 U.S.C. § 9607(a)(2). These allegations as applied to Rescar must also fail. Marathon attempts to place Rescar within this category because of Rescar's possible link in the causal chain that eventually led to the spill. As the Court has already stated, CERCLA is a strict liability statute, under which liability does not rest on causation. (*See* e.g. Doc. 209). The category of owner or operator at the time of disposal encompasses those with authority over the operations related to leakage or spill of a hazardous waste. *See Nurad, Inc.,* 966 F.2d at 842; *U.S. v. Bestfoods*, 524 U.S. 51, 67 (1998). Marathon asserts that because Rescar could have prevented the leak, it had authority over operations related to the leakage or spill of the CTLO. Under the statute, however, this authority must exist at the time of disposal. Here, there is no allegation that Rescar bore authority to prevent the spill at the time

the spill occurred. Upon Marathon's allegations, the Court cannot find that Rescar falls within this category.

As stated earlier, to fall within the third category of "covered person," one must have "arranged for disposal or treatment' of hazardous substances at [a] facility." *Nurad, Inc.,* 966 F.2d at 841 (quoting 42 U.S.C. § 9607(a)(1)). The Fourth Circuit has held that to fall within the third category one must have arranged for "the processing of discarded hazardous substance or processing resulting in the discard of hazardous substances." *See Pneumo Abex Corp. v. High Point Thomasville and Denton R.R. Co.* 142 F.3d 769, 774 (4th Cir. 1998). Based solely on the allegation that Rescar's role was to inspect railcars for Marathon, the Court cannot find that Rescar arranged for the disposal of hazardous waste. Rescar did not have any role or decision making authority relating to the processing of CTLO. As such, Rescar cannot fit within the category of "arranger" under CERCLA.

There is no allegation that Rescar falls within the fourth and final category necessary for liability under CERCLA – accepting a hazardous waste for transport. Because Rescar does not fit into any of the categories of "covered person," it cannot be subject to claims under CERCLA. Marathon's claims against it under the statute must be dismissed.

## Conclusion

For the reasons stated above, Rescar's Motion to Dismiss is **GRANTED in part** and **DENIED in part**. (Doc. 128). Marathon has failed to sufficiently state a claim for relief under CERCLA because it has not properly alleged that Rescar is a "covered person" within the meaning of the statute. The counts of its cross-complaint seeking recovery from Rescar based upon the

statute are dismissed. Marathon, however, has not impermissibly split its claims; the counts of its cross-complaint seeking recovery under common law survive this motion to dismiss.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: March 14, 2008

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE