UNITED STATES DISTRICT COURT
THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

| | | |
|---|---|---|
| VEOLIA ES SPECIAL SERVICES, INC. | ) | |
| (f/k/a Onyx Special Services, Inc.) | ) | |
|     PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:07-0153 |
| | ) | |
| TECHSOL CHEMICAL COMPANY, | ) | |
| HILTOP INVESTMENTS, INC., | ) | |
| GATX FINANCIAL CORPORATION, | ) | |
| MARATHON PETROLEUM COMPANY, LLC, | ) | |
| RESCAR, INC., and | ) | |
| SLOSS INDUSTRIES CORPORATION | ) | |
|     DEFENDANTS. | ) | |

**PLAINTIFF VEOLIA ES SPECIAL SERVICES'
CROSS MOTION FOR SUMMARY JUDGMENT
REGARDING CERCLA LIABILITY
AGAINST DEFENDANT HILTOP INVESTMENTS, INC.
AND
PLAINTIFF VEOLIA'S RESPONSE TO
HILTOP INVESTMENTS, INC.'S MOTION FOR SUMMARY JUDGMENT**

Comes now the plaintiff, Veolia ES Special Services, Inc. (f/k/a Onyx Special Services, Inc.)(hereinafter "Veolia"[1]), by and through the undersigned counsel, pursuant to Rule 56, Fed.R.Civ.P., and moves for summary judgment on the issue of liability against Defendant, Hiltop Investments, Inc. ("Hiltop"). Veolia also submits the following as its Response to Hiltop's Motion for Summary Judgment [Record No. 333]. In support of its motion, Veolia states as follows:

---

[1] Veolia is also referred to in the pleadings as "Onyx".

1

**INTRODUCTION**

Veolia has filed this action to recover the costs it incurred in cleaning up property owned by defendant Hiltop. The subject property is located on Piedmont Road in Westmoreland, West Virginia (the "Property"). On October 28, 2009. twenty-two thousand (22,000) gallons of a hazardous substance spilled from a defective railcar onto the Property. At the time of the spill, the property was being leased to defendant Techsol Chemical Co. ("Techsol") by Hiltop and was being used as a transloading facility.

Hiltop has filed its own motion for summary judgment against Veolia. [Document No. 333] As set forth below, Hiltop's motion is without merit and contrary to law. Hiltop owned property contaminated by the release of CTLO from a defective railcar being transloaded by its lessee. Veolia incurred the cost to cleanup Hiltop's property – to Hiltop's benefit. Hiltop as an owner of the Property is a responsible party pursuant to CERCLA's strict liability scheme. Hiltop's alleged lack of participation in the operation of the transloading facility is not relevant under CERCLA. Moreover, as Hiltop has not asserted the third-party affirmative defense under 42 U.S.C. 9607(b), Hiltop's CERCLA liability is certain.[2]

**STATEMENT OF FACTS RELEVANT TO CERCLA CLAIM**

**A.     Piedmont Road Property.**

At all times relevant to this cause of action, the Property located at 4711 Piedmont Road, Westmoreland, West Virginia was owned by Hiltop. [Amended Complaint ¶7, Hiltop Answer ¶7]. Defendants, Hiltop and TechSol, entered into a lease dated July 1, 1999, whereby Hiltop, as the title owner of the Piedmont Road Property, leased the property to Techsol for the purpose of

---

[2]     The issue of whether the costs incurred by Veolia were consistent with the National Contingency Plan is not being raised herein.

conducting TechSol's transloading operations. [Amended Complaint ¶8, Hiltop Answer ¶8]. The Piedmont Road Property was leased by TechSol from Hiltop at all times relevant to this cause of action.

## **LAW AND ARGUMENT**

### I. **STANDARD OF REVIEW.**

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment should be granted only if "there is no genuine issue as to any material fact and … the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). In deciding a summary judgment motion the court must view the record as a whole and in the light most favorable to the non-moving party. *Terry's Floor Fashions, Inc. v. Burlington Indus., Inc.,* 763 F.2d 604, 610 (4th Cir. 1985).

Federal Rule 56 mandates a grant of summary judgment against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The party who bears the burden of proving a particular element of a claim must "designate 'specific facts showing that there is a genuine issue for trial'" with respect to that element. *Id*. at 324, 106 S.Ct. at 2553 (*quoting* Fed.R.Civ.P. 56(e)). When a motion for summary judgment is made and supported as provided for in Rule 56 an adverse party may not rest upon mere allegations or denials of the moving party's pleadings. Rather, the rule requires the non-moving party's response, by affidavits or as otherwise provided for in Rule 56, to set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment if appropriate should be

entered against the non-moving party. Fed.R.Civ.P. 56(e); *Atkinson v. Bass*, 579 F.2d 856, 866 (4th Cir. 1978); *Mears v. General Motors Corp.*, 896 F.Supp. 548, 550 (E.D. Va. 1995).

## II.  VEOLIA IS ENTITLED TO SUMMARY JUDGMENT WITH RESPECT TO LIABILITY UNDER CERCLA.

### A.  THE CERCLA LIABILITY STANDARD.

To establish liability pursuant to CERCLA, a plaintiff must prove that:

1. the Defendant is one of the four (4) categories of "potentially responsible parties" set forth in § 107(a) of CERCLA;
2. the site in question is a "facility" as defined in § 101(9) of CERCLA;
3. a release or threatened release of a hazardous substance occurred at that facility; and
4. the release or threatened release caused the private party to incur costs which are consistent with the National Contingency Plan.

CERCLA §§ 101(9), 107(a)(1-4), 42 U.S.C.A. §§ 9601(9), 9607(a)(1-4); See *Crofton Ventures Ltd. Partnership v. G & H Partnership*, 258 F.3d 292 (4th Cir. 2001); *Chesapeake and Potomac Telephone Co. of Virginia v. Peck Iron & Metal*, 814 F.Supp. 1269 (E.D. Va. 1992). CERCLA is a strict liability statute, resulting in joint and several liability for any party found liable for a violation of CERCLA. See *Crofton*, 258 F.3d. at 296. Viewing each of the CERCLA factors in turn, it is clear that Hiltop is liable to Veolia for all response costs incurred.

### B.  HILTOP IS A REPSONSIBLE PARTY AS SET FORTH IN § 107(a) OF CERCLA.

CERCLA § 107(a) lists four separate categories of "potentially responsible parties," each of which may be held liable for response costs under CERCLA:

(a) Covered persons…

Notwithstanding any other provision or rule of law, and subject only to the defenses set forth in subsection (b) of this section--

    **(1)** the owner and operator of a vessel or a facility,

4

>**(2)** any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of,
>
>**(3)** any person who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by such person, by any other party or entity, at any facility or incineration vessel owned or operated by another party or entity and containing such hazardous substances, and
>
>**(4)** any person who accepts or accepted any hazardous substances for transport to disposal or treatment facilities, incineration vessels or sites selected by such person, from which there is a release, or a threatened release which causes the incurrence of response costs, of a hazardous substance, shall be liable for…

*See* CERCLA § 107(a), 42 U.S.C.A § 9607(a).

The plain language of §107(a) states that the owners of a facility where a hazardous substance is spilled are responsible parties under CERCLA. *U.S. v. Monsanto Co.*, 858 F.2d 160, 167-68 (4th Cir. 1988). Hiltop meets these requirements and therefore is a potentially responsible party under §107(a) of CERCLA.

### 1. THE PIEDMONT ROAD PROPERTY IS A FACILITY AS DEFINED IN § 101(9) OF CERCLA.

Under CERCLA, the term facility is defined as "any site or area where a hazardous substance has been deposited, stored, disposed of, or placed, or otherwise come to be located…" 42 U.S.C.A. § 9601(9). The clear language used in the definition makes it clear that Congress intended to create a broad definition of "facility" and that it should be interpreted expansively. *Uniroyal Chemical Co., Inc. v. Deltech Corp.,* 160 F.3d 238, 245 (5th Cir. 1998). Based upon the unambiguous definition of "facility" provided in the statute and the case law relevant to this issue, the Piedmont Road Property, owned by Hiltop, clearly meets the statutory definition of a "facility" under § 107(a) of CERCLA.

### 2. HILTOP WAS AN OWNER OF THE PIEDMONT ROAD PROPERTY.[3]

The Fourth Circuit Court of Appeals has stated that "[u]nder section 107(a)(2), *any* person who owned a facility at a time when hazardous substances were deposited there may be held liable for all costs of removal or remedial action if a release or threatened release of a hazardous substance occurs." *U.S. v. Monsanto*, 858 F.2d 160, 168 (4th Cir. 1988). The court further held that since the owners of the facility did not dispute their ownership at the time of the release of the hazardous substance, they satisfied the requirements of § 107(a) and were a potentially responsible party under CERCLA. *Id*. The *Monsanto* Court stated:

> The site-owners do not dispute their ownership of the [] facility, or the fact that releases occurred there during their period of ownership. Under these circumstances, all the prerequisites to section 107(a) liability have been satisfied. *See Shore Realty,* 759 F.2d at 1043-44 (site-owner held liable under CERCLA section 107(a)(1) even though he did not contribute to the presence or cause the release of hazardous substances at the facility).

*Id.*

As was the case in *Monsanto*, here the Defendant, Hiltop, does not dispute its ownership of the Piedmont Road Property at the time of the spill of hazardous substances. Hiltop admits that it owned the Piedmont Road Property. Veolia's First Amended Complaint, at Paragraph 7, states:

> 7. The defendant, Hiltop Investments, Inc. (hereinafter "Hiltop"), is a West Virginia corporation with its principal place of business at 1669 6th Avenue, Rear Suite #4, Huntington, West Virginia 25703. That all times relevant to this cause of action, **Hiltop owned the real property located at 4711 Piedmont Road, Westmoreland, West Virginia**…

---

[3] Hiltop was the title owner of the Piedmont Road Property. CERCLA liability as an "owner" of a facility can include both the title owner and other entities with indicia of ownership. Veolia has asserted ownership liability against other defendants and does not intend to limit its ability to assert ownership of the Piedmont Road Property as to any other defendant who may qualify as an "owner" for purposes of CERCLA liability.

[W.V. Docket No. 158.] (Emphasis added.) Hiltop's Answer is clear and unambiguous in its admission as an owner of the Piedmont Road Property:

> 7. This **defendant admits the allegations contained in Paragraph 7** of the First Amended Complaint.

[W.V. Docket No. 163, Hiltop Answer, ¶ 7.] (Emphasis added.) This admission by Hiltop and the bare legal title it owned on the Piedmont Road Property satisfies the owner requirement of § 107(a) of CERCLA.

Contrary to Hiltop's motion for summary judgment, Hiltop's involvement in Techsol's operations is completely irrelevant under CERCLA's strict liability scheme. The Fourth Circuit Court of Appeals has clearly determined that ownership, without participation in the operation of the events giving rise to the release of the hazardous substance, is sufficient to satisfy CERCLA's ownership requirement. *Monsanto*, 858 F.2d at 168. In addition, this same argument tendered by Hiltop has been presented in other actions and has been overruled in each case. For example, in *United States v. Argent Corp.,* 1984 WL 2567 (D.N.M. 1984), the Court addressed an argument raised by a lessor (i.e., "Bishop") that its mere ownership of the land and building, without any attendant connection to the lessee's (i.e., "Argent Corp.") business operated did not make it an owner under CERCLA. *Id.* at *1. The Court addressed this argument and found no support for it:

> This court finds no case law adopting Bishop's argument, but does find precedent holding a landowner lessor liable as an owner under CERCLA. *See United States v. South Carolina Recycling and Disposal, Inc., et al.,* Civ. No. 80-1274-6 (D.S.C. Feb. 21, 1984). *See also United States vs. Northeastern Pharmaceutical and Chemical Co., Inc.,* 579 F.Supp. 823, 845 n. 26 (W.D.Mo.1984) (landowner could have been a defendant had the other defendants chosen to join him). The court further notes that CERCLA's legislative history shows a deliberate omission from the Act of language in the proposed House version which would have required participation in management or in operation as a

> prerequisite to owner liability. Having carefully studied the plain language of the Act, the legislative history of the Act, and legal precedent construing the Act, the court finds as a matter of law that defendant Bishop, as the undisputed owner of the Rio Rancho land and building, is an owner susceptible to liability under CERCLA.

*Id.* at *2. Accordingly, Hiltop's lack of involvement in Techsol's operations does not in any manner effect its CERCLA liability as a result of its "owner" status of the facility on which the hazardous substance spilled.

### C. A RELEASE OF A HAZARDOUS SUBSTANCE OCCURRED AT THE PIEDMONT ROAD FACILITY.

There is indisputable evidence that during Hiltop's ownership of the Piedmont Road Property, hazardous substances were disposed of or released on the property. The CERCLA statute defines a release as "any **spilling**, leaking, pumping, pouring, emitting, emptying, discharging, injecting, escaping, leaching, dumping or disposing into the environment." 42 U.S.C.A. § 9601(22). (Emphasis added.) Hiltop does not deny that the hazardous substance CTLO was released into the environment on October 28, 2004. In fact, in its Answer to the First Amended Complaint, Hiltop admitted to the release of CTLO (or BTX as it is referred to in the Defendant's Answer), at Paragraph 29, in relevant part:

> 29. This Defendant admits that on or about October 28, 2004, BTX was discharged onto property owned by this defendant and leased to TechSol…

[W.V. Docket No. 163, Hiltop Answer, ¶ 29.]

The material released into the environment on October 28, 2004 was CTLO (BTX), which is primarily made up of benzene (68%), toluene (24%), and xylene (7%). These components that make up CTLO are hazardous substances as defined in § 101(14) of CERCLA, 42 U.S.C.A. § 9601(14) and listed by the Environmental Protection Cabinet at 40 C.F.R. 302.4.

8

CTLO is a hazardous substance that has been "released" into the environment at the Piedmont Road Property, as "released" is defined in § 101(22) of CERCLA, 42 U.S.C.A. § 9601(22).

### D.  THE RELEASE CAUSED VEOLIA TO INCUR COSTS.

There is no dispute that Veolia incurred costs in responding to the spill that occurred at the Piedmont Road Property.  This Court in its November 30, 2007 Memorandum Opinion and Order has already addressed this issue and ruled that the costs incurred by Veolia were, in fact, caused by the release.  In its Opinion, this Court looked at the clear and unambiguous language of the statute and CERCLA's policy objectives and determined that the facts demonstrated that Veolia's costs were "caused" by the release of CTLO at the Piedmont Road Property.  *See* November 30, 2007 Memorandum Opinion and Order, pp. 7 – 10.

In the Memorandum Opinion and Order, this Court relied heavily upon *OHM Remediation Servs. v. Evans Cooperage Co., Inc.,* 116 F.3d 1574 (5th Cir. 1997), a case where the Fifth Circuit Court of Appeals analyzed the term "causes" under CERCLA.  The factual background of Veolia's situation is similar to that which was facing Ohm Remediation Services.  In its opinion, the Fifth Circuit Court of Appeals stated, "[i]n the case at hand, if no release had occurred, OHM would not have had to incur response costs in cleaning up the site.  In that respect, the spill 'caused' OHM's response costs." *Id*. at 1580.  Likewise, there is no argument in this case that if the hazardous substance, CTLO, was not spilled on the Piedmont Road Property owned by Hiltop, then Veolia would not have incurred response costs to clean up Hiltop's property.

To be recoverable, the release must not only have caused costs to be incurred, those costs must be consistent with the National Contingency Plan. 42 U.S.C.A. § 9607(a)(1)-(4)(B).  The National Contingency Plan is a guideline for conducting response actions, establishing criteria

9

and methods for clean-up actions under CERCLA. 40 C.F.R. §§ 300.1 – 300.920. At this time, Veolia is only seeking a partial summary judgment that Hiltop is liable under the first three CERCLA elements. The issue of Veolia's costs being consistent with the National Contingency Plan was not raised in the Wayne County, WV litigation. Accordingly, this narrow issue is not being raised in this summary judgment motion and is not needed for the partial summary judgment sought herein.

### III. HILTOP WAS IN A "CONTRACTUAL RELATIONSHIP" WITH TECHSOL (A POTENTIALLY RESPONSIBLE PARTY) AND THEREFORE CANNOT CLAIM CERLCA'S THIRD-PARTY DEFENSE.

One of the required elements that a defendant Potentially Responsible Party (PRP) must show by a preponderance of the evidence in order to meet the criteria of CERCLA's "third-party defense" is that the release or threatened release was caused solely by "a third party other than … one whose act or omission occurs in connection with a contractual relationship, existing directly or indirectly, with the defendant." 42 U.S.C. § 9607(b)(3). The phrase "contractual relationship" as used in § 9607(b)(3) is defined under CERCLA § 101(35)(A) and specifically includes leases. 42 U.S.C. § 9601(35)(A). This is a significant hurdle for Hiltop if it were to claim CERCLA's third-party affirmative defense. This element requires the defendant to prove that it did not have a contractual relationship with any third party who bore responsibility for the release. Veolia's First Amended Complaint, at paragraph 8, states:

> 8. By lease dated July 1, 1999, Hiltop leased for value the Piedmont Road Property to defendant, TechSol Chemical Company (hereinafter "TechSol"). At all times relevant to this cause of action **the Piedmont Road Property was leased by TechSol from Hiltop for the purpose of conducting TechSol's transloading operations**.

[W.V. Docket No. 158.] (Emphasis added.) Hiltop's answer is clear and unambiguous in its admission that it had leased the Piedmont Road Property to TechSol at all times relevant to this cause of action:

> 8. This defendant **admits the allegations contained in Paragraph 8 of the First Amended Complaint**.

[W.V. Docket No. 163, Hiltop Answer ¶ 8.] (Emphasis added.)

The Fourth Circuit has clearly stated that these lease arrangements satisfy the contractual relationship precluding application of CERCLA's third-party affirmative defense. *See U.S. v. Monsanto Co.*, 858 F.2d at 169. The unambiguous language used in the statute and the applicable case law make it clear that CERCLA's third-party defense is not available to Hiltop. Furthermore, Hiltop has not pled the § 107(b) third party affirmative defense and accordingly may not rely upon it at this time.

## CONCLUSION

For the foregoing reasons, Veolia is entitled to summary judgment on Count I of its Amended Complaint with respect to Hiltop's liability under CERCLA.

**WHEREFORE,** for the foregoing reasons, Plaintiff, Veolia, prays for the entry of Summary Judgment against Defendant Hiltop on the issue of liability and that Hiltop's motion for summary judgment be overruled.

Respectfully submitted,

/s/ Travis S. Sanders
Leigh Gross Latherow
Travis S. Sanders
VanAntwerp, Monge, Jones, Edwards
& McCann, LLP
1544 Winchester Ave., Fifth Floor
P.O. Box 1111
Ashland, KY 41105-1111
Tel: (606) 329-2929; Fax: (606) 329-0490
llatherow@vmje.com
tsanders@vmje.com
Counsel for Veolia ES Special Services, Inc.

/s/ Thomas E. Scarr
Thomas E. Scarr
Jenkins Fenstermaker, PLLC
P.O. Box 2688
Huntington, WV 25726-2688
Tel: (304)523-2100; Fax: (304) 523-2347
tes@jenkinsfenstermaker.com
Counsel for Veolia ES Special Services, Inc.

CERTIFICATE OF SERVICE

It is hereby certified that on December 2, 2009, I electronically filed the foregoing "Plaintiff Veolia ES Special Services' Cross Motion for Summary Judgment Regarding CERCLA Liability against Defendant Hiltop Investment, Inc." with the clerk of the court using the CM/ECF system and notice will be sent to:

Jennifer C. Artiss jca2@gdm.com
Counsel for Marathon Petroleum Company, LLC

Alexander P. Bicket bicket@zklaw.com
 Counsel for Rescar

J. David Bolen jbolen@huddlestonbolen.com
Counsel for Marathon Petroleum Company, LLC

Joseph M. Farrell, Jr. jmf@farrell3.com
Counsel for GATX Financial Corp.

Paul Thomas Farrell ptf@farrell3.com
Counsel for GATX Financial Corp.


Shawn P. George sgeorge@citynet.net
Counsel for Sloss Industries Corporation

Brian M. Johnson bmj@gdm.com
Counsel for Marathon Petroleum Company, L.L.C.

Robert L. Massie rmassie@huddlestonbolen.com
Counsel for Marathon Petroleum Company

David Andrew Owen dao@gdm.com
Counsel for Marathon Petroleum Co.

D. Alan Rudlin arudlin@hunton.com
Counsel for GATX Financial Corporation

George P. Sibley, III gsibley@hunton.com
Counsel for GATX Financial Corporation

George N. Stewart stewart@zklaw.com
Counsel for Rescar, Inc.

Matthew A. Stinnett mas2@gdm.com
Counsel for Marathon Petroleum Company, LLC

Randall L. Trautwein rlt@lampodell.com
Counsel for Hiltop Investments, Inc.

Marc E. Williams mwilliams@huddlestonbolen.com
Counsel for Marathon Petroleum Company, LLC

Thomas E. Scarr tes@jenkinsfenstermaker.com
Counsel for Veolia ES Special Services

/s/ Travis S. Sanders
Travis S. Sanders
Counsel for Plaintiff Veolia ES Special Services, Inc.