UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

|  |  |
|---|---|
| VEOLIA ES SPECIAL SERVICES, INC. <br> (f/k/a Onyx Special Services, Inc.) <br><br> Plaintiff, <br><br> vs. <br><br> TECHSOL CHEMICAL COMPANY, et al. <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 3:07-0153 <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANT GATX'S RESPONSE TO MOTION
FOR SUMMARY JUDGMENT OF DEFENDANT
<u>SLOSS INDUSTRIES CORPORATION</u>**

Pursuant to Fed. R. Civ. P. 56 and 54(b), Defendant GATX Corporation ("GATX"), by counsel, submits the following Response to the Motion of Sloss Industries Corporation ("Sloss") for summary judgment.

GATX does not dispute that the CERCLA § 113(f) claims against Sloss should be dismissed if Sloss is not deemed to be a "covered person" under CERCLA. GATX also does not dispute that under the Supreme Court's decision in *Burlington N. & Santa Fe Ry. v. United States*, 129 S.Ct. 1870 (2009), Sloss should not be held liable under CERCLA as an "arranger." And if this Court does not reconsider its previously ruling that Sloss cannot be held liable under CERCLA as an "operator," (Docket No. 209), then Sloss is not a "covered person" under CERCLA.[1]

---

[1] GATX timely opposed Sloss's Motion to Dismiss GATX's CERCLA § 113(f) cross-claim. (Docket No. 192.)

**I.      Sloss Is an "Operator" Under CERCLA § 107(a).**

GATX respectfully submits that this Court's previous ruling that Sloss is not an "operator" under CERCLA was in error.[2] Sloss qualifies as an operator under CERCLA because it had the authority to control the facility in a way that would have prevented the spill of commodity from the GATX tank car onto the facility of Defendant Techsol Chemical Company. *Nurad, Inc. v. William E. Hooper & Sons*, 966 F.2d 837, 842 (4th Cir. 1992); *United States v. High Point Chemical Corp.*, 7 F. Supp. 2d 770, 775 (W.D. Va. 1998); *see also Riverside Market Dev. Corp. v. Int'l Bldg. Prods., Inc.*, 931 F.2d 327, 330 (5th Cir. 1991). Specifically, Sloss loaded the tank car with the CTLO without verifying that the tank car's bottom outlet valve was fully closed. (Ex. 1, Deposition of Paul Meaux at 55-56, 71.) Under governing federal regulations and industry standards, Sloss as the loader should have verified that the tank car's bottom outlet valve was closed before loading the tank car with CTLO. (Ex. 2, Expert Report of Edward English, and Ex. 3, Expert Report of Phil Daum.) Had Sloss done so, the spill likely would have been averted.

This Court, in ruling that Sloss could not be deemed an operator on these facts, focused specifically on the language of CERCLA § 107(a)(2), which provides that an operator is a party that "***at the time of disposal*** of any hazardous substance . . . operated any facility at which such hazardous substances were disposed of." 42 U.S.C. § 9607(a)(2) (emphasis added). Because Sloss was not actively handling the tank car at the exact moment the spill took place, the Court reasoned, Sloss could not be considered an operator. (Docket No. 209, at 10-11.)

---

[2] GATX hereby incorporates the Memoranda of Law filed by Defendants Marathon Petroleum Co., LLC ("Marathon") and Plaintiff Veolia ES Special Services, Inc. ("Veolia") (Docket Nos. 137 and 182 respectively) to the extent those memoranda address the question of "operator" liability under CERCLA § 107(a)(2).

1

GATX respectfully submits that this interpretation of CERCLA is not necessitated by the language of 42 U.S.C. 9607(a) and is at odds with Fourth Circuit precedent. CERCLA adopts by reference the RCRA definition of "disposal." 42 U.S.C. § 9601(29). Under that definition, "disposal" includes:

> the discharge, deposit, injection, dumping, spilling, leaking or placing of any solid waste or hazardous waste into or on any land or water so that such solid waste or hazardous waste or any constituent thereof *may* enter the environment or be emitted into the air or discharged into any waters, including groundwaters.

42 U.S.C. § 6903(3) (emphasis added). "Disposal" under this definition thus focuses on the initial act of placing commodity into a receptacle, even if the release of commodity from that receptacle into the environment occurs later.

Accordingly, courts have consistently held that the phrase "at the time of disposal" should be interpreted broadly to include parties like Sloss here. *See, e.g., Nurad Inc. v. Hooper & Sons, Co.*, No. Civ. WN 90-611, 1991 U.S. Dist. LEXIS 17090, *53-*55 (D. Md. Aug. 15, 1991), *aff'd in relevant part,* 966 F.2d 837 (4th Cir. 1992); *Westwood Pharm., Inc. v. National Fuel Gas Distr. Corp.*, 737 F. Supp. 1272, 1278 (W.D.N.Y. 1990); *Amland Properties Corp. v. Aluminum Co. of Am.*, 711 F. Supp. 784, 791 (D.N.J. 1989).

For example, in *Nurad*, the current owner of property containing abandoned underground storage tanks ("USTs") sued former owners under CERCLA § 107(a) to recover costs of removing the USTs and hazardous waste that had escaped from the USTs over time. The original owners of the property who had stored the hazardous waste in the USTs argued that they should not be held liable as "operators" because the hazardous waste would have leaked from the USTs long after they ceased operating the facility. *Id.* at *53-*54. In other words, the former owners argued that they should not be liable as an "owner or operator" because they did not

2

"own or operate" the facility "at the time of disposal." *Id.* The district court rejected the argument:

> The few reported decisions concerning the definition of "disposal" have held that depositing hazardous substances into subsurface receptacles constitutes "disposal" within the meaning of CERCLA. Moreover, it is clear from the language of the statute that disposal occurs ***even when hazardous substances are placed in underground receptacles that are structurally sound, since in doing so they "may" enter the environment***.

*Id.* at *53 (emphasis added) (internal citations omitted) (citing *Westwood Pharm., Inc.*, 737 F. Supp. at 1278 and *Amland Properties Corp.*, 711 F. Supp. at 791). The Fourth Circuit emphatically affirmed:

> [W]e agree with the district court that the Hooper Co.'s claim that there was no statutory disposal is ***especially insubstantial***. The Company disposed of hazardous substances at the site by depositing them in the USTs and abandoning them upon closing its finishing plant in 1962. The statute provides that "disposal" includes the "placing" of any hazardous waste "into or on any land" so that such hazardous waste "may enter the environment," 42 U.S.C. § 6903(3), and courts have specifically held that depositing hazardous waste into enclosed containers fits this definition. *See*, *e.g.*, *Westwood Pharmaceuticals, Inc. v. National Fuel Gas Distribution Corp.*, 737 F. Supp. 1272, 1278 (W.D.N.Y. 1990), *aff'd*, 964 F.2d 85 (2d Cir.1992).

966 F.2d at 837 (emphasis added).

The Fourth Circuit's decision in *Nurad* makes intuitive sense and is consistent with the overarching remedial purpose of CERCLA. As the Fourth Circuit has emphasized, the categories of covered persons "reach back through the causal chain" to encompass all parties potentially responsible for a release of a hazardous substance. *Pneumo Abex Corp. v. High Point, Thomasville and Denton R. Co.*, 142 F.3d 769, 774 (4th Cir. 1998). It would be incongruous, to say the least, for a party that loaded commodity into a "facility" and left that

3

facility in a dangerous condition to escape liability because the ultimate spill did not occur on that party's watch.  CERCLA § 107(a)(2) was intended to prevent such an anomalous result.

For these reasons, Sloss should be considered an operator here.  It operated the "facility" at the time of loading and placed CTLO into the tank car in a manner making it possible (if not probable) that the CTLO would "enter the environment" in the future.  Under controlling Fourth Circuit precedent, Sloss should be deemed an operator "at the time of disposal."

## II.     The Court Should Reconsider and Modify Its Previous Ruling That Sloss Was Not an Operator Under CERCLA.

For these reasons, GATX respectfully requests that the Court reconsider and modify its previous ruling that Sloss cannot be held liable as an operator under CERCLA.  "[A] district court retains the power to reconsider and modify its interlocutory judgments, including partial summary judgments, at any time prior to final judgment when such is warranted." *American Canoe Ass'n., Inc. v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (4th Cir. 2003). Reconsideration is appropriate where the Court's prior decision was "clearly erroneous and would work manifest injustice." *Sejman v. Warner-Lambert Co., Inc.*, 845 F.2d 66, 69 (4th Cir. 1988).  GATX respectfully submits that this Court's prior ruling that Sloss could not be deemed an "operator" because Sloss was not actively controlling the tank car when the commodity spilled onto the Techsol property is at odds with the Fourth Circuit's ruling in *Nurad* and therefore clearly erroneous.  The Court should cure this error and deny Sloss's Motion for Summary Judgment.

5

**GATX CORPORATION,**


**By Counsel.**


/s/ Joseph M. Farrell. Jr.
Joseph M. Farrell, Jr.
**Farrell, Farrell & Farrell, PLLC**
914 Fifth Avenue
P.O. Box 6457
Huntington, WV 25772-6457
(304) 522-9100
(304) 522-9162 (fax)
jmf@farrell3.com

And

D. Alan Rudlin
George P. Sibley, III
**Hunton & Williams LLP**
Riverfront Plaza, East
Tower 951 E. Byrd Street
Richmond, VA 23219
(804) 788-8200
(804) 788-8218 (fax)
arudlin@hunton.com
gsibley@hunton.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 31, 2009, the foregoing document was served on counsel of record by email by way of the Court's CM/ECF system.

/s/ Joseph M. Farrell. Jr.
Joseph M. Farrell, Jr.
**Farrell, Farrell & Farrell, PLLC**
914 Fifth Avenue
P.O. Box 6457
Huntington, WV 25772-6457
(304) 522-9100
(304) 522-9162 (fax)
jmf@farrell3.com

And

D. Alan Rudlin
George P. Sibley, III
**Hunton & Williams LLP**
Riverfront Plaza, East
Tower 951 E. Byrd Street
Richmond, VA 23219
(804) 788-8200
(804) 788-8218 (fax)
arudlin@hunton.com
gsibley@hunton.com